UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **BONNIE J. FUSCO,** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| V. ) | **CIVIL NO. 2:15-CV-460-DBH** |
| ) | |
| **PLASTIC SURGERY CENTER, P.A.,** ) | |
| **ET AL.,** ) | |
| ) | |
| **DEFENDANTS** ) | |

### DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION

The plaintiff Bonnie J. Fusco has sued her former employer Plastic Surgery Center, P.A. and the trustees of its 401(k) profit sharing plan. She claims that "[i]n connection with [her] separation from [employment]," she made inquiries through counsel about her entitlement to payout under the profit sharing plan. Complaint ¶ 13 (ECF No. 1). She then goes on to detail a succession of failures thereafter to provide requested information, as well as a delayed rollover of funds, and requests relief under ERISA, specifically "29 U.S.C. § 1132(a)(1)(B)—Benefits Due under Employee Benefit Plan," "29 U.S.C. § 1132(a)(1)(A)—Failure to Comply with a Request for Information," and "Attorney's Fees Pursuant to 29 U.S.C. § 1132(g)." Complaint at 5, 6, 7 (subject matter headings of the three counts of the complaint). The defendants have moved to dismiss or stay the lawsuit and to order Fusco to arbitrate her claims based upon a settlement agreement that Plastic Surgery Center and Fusco entered into upon her separation from

employment, which includes an arbitration provision.  Defs.' Mot. to Dismiss or Stay and Compel Arbitration with Incorporated Mem. of Law (ECF. No. 7).  Fusco objects, arguing that her ERISA claims do not fit within the scope of the agreement to arbitrate.  Pl.'s Opp'n to Mot. to Dismiss and Compel Arbitration (ECF No. 8) ("Pl.'s Opp'n").

The settlement agreement that Plastic Surgery Center and Fusco executed in 2014 provides that "the parties hereto desire to settle fully and finally, in the manner set forth herein, all differences between them, including, but in no way limited to, any and all claims and controversies *arising out of any employment relationship* between Fusco and [Plastic Surgery Center]."  Settlement Agreement at 1 (emphasis added) (ECF No. 7-3).[1]  That language on its face is broad enough to cover the current lawsuit.  But, as Fusco points out, under the "General Release" provision of the settlement agreement, the agreement states:

> "This release includes . . . matters that arise under . . . the Employee Retirement Income Security Act of 1974 (*except that Fusco is not releasing any claims as they may pertain to any pension or profit-sharing plan participation or payment to which she may be entitled*) . . . ."

Id. at 2 (emphasis added).  So obviously Fusco did not release her ERISA claims in the settlement agreement.  Later in the document, the parties provide:  "If any dispute involving this Agreement (including, but not limited to, the validity of this Agreement), *or any other aspect of Fusco's employment relationship* with [Plastic Surgery Center] arises, then either party may require that the dispute be

---

[1] This citation refers to a redacted version of the settlement agreement between the parties.  Some of the portions quoted in this Order are viewable only in the unredacted version, which is a sealed document with the court.  See Order Granting Pl.'s Mot. to Seal (ECF No. 9, 11).

determined through binding arbitration in Portland, Maine . . . ." Id. at 6 (emphasis added). Certainly Fusco's rights concerning the profit sharing plan derive from her employment relationship with Plastic Surgery Center, and as a result that clause suggests that this ERISA dispute is to be arbitrated. The paragraph immediately following, which deals specifically with Arbitration, has the same scope (and nearly identical language). Finally, paragraph 18 of the agreement states: "This Agreement shall not be construed against any party on the basis that that party's attorney drafted it." Id.

Circuit precedents overwhelmingly support the conclusion that ERISA rights can, by agreement, be subjected to arbitration, and Fusco does not argue otherwise.[2] Indeed, Fusco concedes in her memorandum opposing the defendants' motion to dismiss that she "does not contend . . . that an ERISA claim could not be arbitrable when there is a clear agreement to do so . . . ." Pl.'s Opp'n at 2. Although Fusco clearly did not settle her ERISA claims, she certainly seems to have agreed to submit them to arbitration under the language I have quoted; at the very least, the scope of her agreement to arbitrate is ambiguous and, in that event, First Circuit and Maine precedents tell us that the arbitrator gets to decide the scope of the arbitration clause.[3] Dialysis Access Ctr., LLC v.

---

[2] See e.g., Smith v. Aegon Cos. Pension Plan, 769 F.3d 922 (6th Cir. 2014) (recognizing that the Sixth Circuit "ha[d] previously upheld the validity of mandatory arbitration clauses in ERISA plans" in Simon v. Pfizer, Inc., 398 F.3d 765 (6th Cir. 2005)); Hendricks v. UBS Fin. Servs., Inc., 546 Fed. Appx. 514 (5th Cir. 2013) (compelling arbitration of ERISA claims); Comer v. Micor, Inc., 436 F.3d 1098, 1100 (9th Cir. 2006) (explaining that the Ninth Circuit Court of Appeals had "expressed skepticism about the arbitrability of ERISA claims . . . but those doubts seem to have been put to rest by the Supreme Court's opinions . . . ."); Williams v. Imhoff, 203 F.3d 758, 767 (10th Cir. 2000) (holding "that Congress did not intend to prohibit arbitration of ERISA claims").
[3] Fusco asks me to construe the settlement agreement against Plastic Surgery Center whose lawyer, she says, drafted the settlement agreement. See Pl.'s Opp'n at 7-8. But in the agreement she explicitly surrendered her right to argue that rule of interpretation. See Settlement Agreement at 6 (paragraph 18).

3

RMS Lifeline, Inc., 638 F.3d 367, 379, 381 (1st Cir. 2011); V.I.P., Inc. v. First Tree Dev. Ltd. Liab. Co., 2001 ME 73, ¶ 6, 770 A.2d 95, 97 (under Maine law affirming the confirmation of an arbitration award where the arbitrator found the dispute to be arbitrable when the agreement to arbitrate was ambiguous).

Fusco also argues that the three defendants are not party to, and therefore cannot claim the benefit of, the settlement agreement's arbitration provision. Pl.'s Opp'n at 6-7. She says that she sued the Plan and the trustees. This argument cannot prevail as to her employer, Plastic Surgery Center. Her Complaint names it, not the Plan, as a party, and her employer was the entity that signed the settlement Agreement. The trustees argue that they too are party to the agreement, relying on language that says that it applies to the "agents" of Plastic Surgery Center. That argument appears in the defendants' reply brief, and Fusco has not had the opportunity to respond to it. I am reluctant to conclude without further argument that trustees—who by definition act in a fiduciary capacity—are "agents" of the employer who establishes the plan. Perhaps they are for some purposes, but as fiduciaries they must have some independence. Nevertheless, it would not serve the parties' interests nor those of judicial economy to have Fusco's claims against Plastic Surgery Center go to arbitration and simultaneously have the same claims proceed against the two trustees in this court.

As a result, I **GRANT** the defendants' motion to stay this lawsuit, and **ORDER** the plaintiff Bonnie J. Fusco to proceed to arbitrate her claims against the defendant Plastic Surgery Center as provided by the settlement agreement. The

claims against the other two defendants in this court are stayed in the interest of judicial economy.[4]

**SO ORDERED.**

**DATED THIS 4TH DAY OF MARCH, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] I find it unnecessary to rule on the parties' dispute over whether I should consider certain affidavits.