UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BONNIE J. FUSCO,                                )<br>                                                              )<br>                        PLAINTIFF      )<br>                                                              )<br>V.                                                           )<br>                                                              )<br>PLASTIC SURGERY CENTER, P.A.,  )<br>ET AL.,                                              )<br>                                                              )<br>                        DEFENDANTS )   | CIVIL NO. 2:15-CV-460-DBH |

ORDER ON MOTION FOR RECONSIDERATION

Interpreting a settlement agreement generated in connection with employment separation, I previously granted a defense motion to compel arbitration of a dispute over payout under the employer's profit sharing plan. Dec. & Order on Mot. to Dismiss or Stay & Compel Arbitration (ECF No. 14). The plaintiff employee then did proceed to arbitration but now has moved for reconsideration due to the cost structure that the American Arbitration Association (AAA) has imposed upon her. "For Disputes Arising Out of Employer Plans," the AAA charges a single $200 filing fee payable by the employee and all other costs and fees are paid by the employer. Pl.'s Mot. for Recons. at 1-2 (ECF No. 15). That is the fee structure that the plaintiff employee expected. Id. at 2. But "For Disputes Arising out of Individually-Negotiated Employment Agreements and Contracts," the AAA charges the employee an initial filing fee of $750; one-half of the $350 administrative fee per hearing day; and, on top of

that, one-half of the arbitrator's fees, which, the plaintiff says, are expected to run at least $1,000 per day.  Id. at 3.  The AAA imposed the latter fee structure on the plaintiff employee, reasoning that the arbitration provision appeared in an "individually-negotiated employment agreement."  Pl.'s Mot. for Recons. at Ex. 2 (ECF No. 15-2).

I understand the plaintiff's concern that this cost structure strongly deters her from seeking relief (unlike a lawsuit where she could proceed under a contingent fee agreement).  The Supreme Court of the United States has said that there can be mandatory arbitration of statutory rights (ERISA rights are statutory rights) if the arbitral forum permits effective vindication of those rights, Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991), and it has also intimated that large arbitration costs might, in a particular case, preclude effective vindication, Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 90 (2000).  In 2003, the Sixth Circuit analyzed these cases and made a persuasive case that the plaintiff should be allowed to show that arbitration would prevent effective vindication before being compelled to arbitrate.  Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 657-65 (6th Cir. 2003).  Nevertheless, as a trial judge, I am bound to follow First Circuit cases.  They hold that examination of the effective vindication issue must await the outcome of the arbitration hearing and the final decision by the arbitral tribunal as to who will pay what.  Thompson v. Irwin Home Equity Corp., 300 F.3d 86, 91-92 (1st Cir. 2002); Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, 15-16 (1st Cir. 1999).  Although I believe the Sixth Circuit is persuasive in

explaining why this "wait and see" approach is inadequate, it is the law of this Circuit (and, if the fee structure does not deter the plaintiff employee from pursuing her statutory rights, it is always possible that the arbitrator ultimately will find in favor of the plaintiff and award all fees against the defendant).

Accordingly the plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**

**DATED THIS 31ST DAY OF MAY, 2016**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**